IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**MORTON GROVE PHARMACEUTICALS, INC.**, )
)
      Plaintiff, )
)
 v. ) No. 06 C 3815
)
**THE NATIONAL PEDICULOSIS** )
**ASSOCIATION, INC., ECOLOGY CENTER,** )
**INC., WILLIAM B. WEIL, MD,** )
)
      Defendants. )

**MEMORANDUM OPINION AND ORDER**

Defendant the National Pediculosis Association, Inc. ("NPA") has brought a motion to dismiss or sever the claims against it alleged in the second amended complaint ("complaint") by plaintiff Morton Grove Pharmaceuticals, Inc., ("MGP") as improperly joined under FED. R. CIV. P. 20(a).[1] The remaining defendants have joined in NPA's motion. For the following reasons, the motion to sever is granted.

I.

MGP, a Delaware corporation, is a pharmaceutical company with its principal place of business in Morton Grove, Illinois. MGP manufactures Lindane Lotion and Lindane Shampoo, which are FDA-approved medications for the treatment of lice and scabies.

---

[1] Although NPA had previously filed a motion to dismiss raising the issue of misjoinder under FED. R. CIV. P. 20(a), that issue was moot at the time I decided *Morton Grove Pharm., Inc. v. Nat'l Pediculosis Ass'n, Inc.*, 494 F. Supp. 2d 934 (N.D. Ill. June 18, 2007).

NPA is a non-profit, tax exempt Massachusetts corporation which sells the LiceMeister comb. The Ecology Center ("the Center") is a non-profit environmental group based in Ann Arbor, Michigan. William B. Weil is a physician licensed to practice in the field of pediatric medicine in Michigan.

MGP has filed claims for defamation (Count II); trade disparagement (Count III); and violations of the Illinois Uniform Deceptive Trade Practices Act ("UPTPA"), 815 ILCS 510/2 *et. seq.* (Count IV) against all defendants. MGP has also filed a claim of a violation of the Lanham Act, 15 U.S.C. ¶ 1125(a) solely against NPA (Count I).

## II.

In order to permissively join defendants under F<small>ED</small>. R. C<small>IV</small>. P. 20(a), the right to relief must arise out of "the same transaction, occurrence, or series of transactions or occurrences," and there must be a question of law or fact common to all defendants. *See DirecTV, Inc. v. Adrian,* No. 03 C 6366, 2004 U.S. Dist. LEXIS 8922, at *5 (N.D. Ill. May 18, 2004) (Plunkett, J.).

In this case, the complaint does not allege any claims which arise out of the same transaction, occurrence, or series of transactions or occurrences. The nature of the separate defendants' alleged improper actions - dissemination of different statements - are plainly separate occurrences. Nor does the

complaint allege a conspiracy or any concerted action among NPA and any remaining defendant.

In its brief, MGP argues that NPA and the remaining defendants were acting in concert in light of (1) the similarity among some of the allegedly injurious statements; (2) the fact that one of the statements contained in the Center's literature contains a reference to the LiceMeister Comb and to NPA, as the product's manufacturer, as an example of a non-chemical approach to treating lice infestation and that the NPA website identifies the Center in connection with similar public health campaigns in other states; and (3) a response by one of the Center's employees to an interrogatory identifying one communication with NPA. MGP's arguments fail to make up for the absence of any allegations of concerted action between defendants in its complaint. *See Adrian*, 2004 U.S. Dist. LEXIS 8922, at *7-8; *DirecTV, Inc. v. Delaney*, No. 03 C 3444, 2003 U.S. Dist. LEXIS 24262, at *16-17 (N.D. Ill. November 20, 2003) (Kocoras, J.); *DirecTV, Inc. v. Joe Serio*, No. 03 C 3491, 2003 U.S. Dist. LEXIS, at *2-3 (N.D. Ill. Nov. 12, 2003) (Coar, J.); *United States v. Alaska Pipeline Co.*, No. Civ. 95-725(TFH), 1997 U.S. Dist. LEXIS 5221, at *3-6 (D. D.C. Mar. 27, 1997). First, the statements made by the different defendants are not identical and are consistent with the fact that they are addressing the same subject matter – the purported health risks associated with lindane. The similarity of defendants' actions may

speak to the second prong of Rule 20(a)'s test - common questions of law or fact - more than it does with respect to whether there was a concerted effort among defendants. Second, the fact that the Center and NPA are aware of each other's existence does not mean that they are acting in concert. In each statement in which the defendants have referenced each other, they fail to identify any connection or concerted effort among them. The single reference to NPA and its product in one particular statement by the Center is consistent with the subject matter underlying the statements - alternatives to the use of shampoos containing lindane. Similarly, the NPA website contains information about at least five other organizations (in addition to the Center), which MGP does not allege are acting in concert with defendants. Third, the interrogatory response is completely silent as to the contents of the single communication between a Center employee and an NPA employee and, even in conjunction with the statements at issue, does not compel the conclusion that NPA was acting in concert with the remaining defendants. Accordingly, NPA was improperly joined under Rule 20(a) and, in my discretion under FED. R. CIV. P. 21, the motion to sever is granted.

III.

For the foregoing reasons, the motion to sever is granted.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 30, 2007